**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| FRANCESCA A. LICARI, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br><br>   Serve: Corporation Service Company <br>         100 Shockoe Slip <br>         2nd Floor <br>         Richmond, VA 23219 <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br>   Serve: David N. Anthony, Registered Agent <br>         Troutman Sanders LLP <br>         1001 Haxall Point <br>         Richmond, VA 23219 <br><br> TRANSWORLD SYSTEMS, INC., <br><br>   Serve: CT Corporation System <br>         4701 Cox Rd, Ste 285 <br>         Glen Allen, VA 23060 <br><br>         Defendants. | Civil Action No. 1:21-cv-687 |

## COMPLAINT

COMES NOW Plaintiff, Francesca A. Licari, by counsel, and files this Complaint against Defendants, Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Transworld Systems, Inc. ("Transworld"), (collectively "Defendants"). In support of her claims, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i.

3. Equifax and Experian, two of the "Big Three" consumer reporting agencies, have a long history of consumer complaints and lawsuits alleging (and establishing) that they fail to reasonably ensure the maximum possible accuracy in the credit files that they maintain. In this case, representative of numerous others, Equifax and Experian parroted the response of the furnisher, Transworld, instead of conducting a meaningful investigation into Plaintiff's disputes.

4. After Plaintiff disputed the inaccurate reporting of the Transworld collections account, Defendants failed to correct Plaintiff's credit reports.

5. Accordingly, Plaintiff alleges claims against Equifax and Experian for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b). Plaintiffs also alleges a claim against Experian and Equifax for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

6. Plaintiff also alleges claims against Transworld for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

7. Finally, Plaintiff alleges claims against Transworld for attempting to collect a debt from the Plaintiff that she did not owe, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 168lp, and 15 U.S.C. § 1692k(d).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10. Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

11. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Experian is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Transworld is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Glen Allen, Virginia It is a furnisher as governed by the FCRA and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

*Inaccurate Credit Reporting*

14. In December 2020, Plaintiff obtained a copy of her Experian credit report and noticed inaccurate information reporting.

15. Experian reported a Transworld collection account arising from an Elco Admin Services debt. Plaintiff did not recognize the debt collector or the original creditor. She never received correspondence from either Transworld or Elco Admin Services.

16. Plaintiff researched the original creditor listed in the credit report, Elco Admin Services, and discovered that Elco Admin Services handles liability claims on behalf of Enterprise.

17. In March 2019, Plaintiff was in a car accident while driving an Enterprise rental car. Plaintiff filed a claim and the claim was paid in full.

18. Enterprise confirmed the claim was paid in full in a letter dated June 17, 2019:

> Please be advised the above cited claim has been paid in full and the claim is now closed. This notice is provided solely for the claim listed above and relates only to the damages for the rental vehicle listed above.

19. Despite this, Experian and Transworld inaccurately reported that Plaintiff owed $11,899.

20. After learning of this inaccurate reporting, Plaintiff immediately took steps to have the information removed from her report.

21. Plaintiff disputed the Transworld account with Experian by submitting a dispute stating that the debt did not belong to her and should be removed from her report. In support of

4

her dispute, Plaintiff attached the June 17, 2019 letter from Enterprise stating the claim was paid in full.

22. Upon information and belief, Experian forwarded notification of Plaintiff's dispute to Transworld.

23. Neither Experian nor Transworld adequately investigated Plaintiff's dispute. Instead, they refused to correct the inaccurate information and verified that their reporting of the Transworld account was accurate.

24. Around this time, Plaintiff obtained a copy of her Equifax file and learned that Equifax was also reporting the Transworld collection account inaccurately.

25. Plaintiff sent a letter to Equifax and Experian requesting that the Transworld account be removed from her credit file. Plaintiff explained that she never received any correspondence from Transworld or Elco Admin Services and the Enterprise rental car was paid in full. Plaintiff provided the claim number and the Enterprise representative's name, telephone number and email to confirm what she stated was true.

26. Upon information and belief, Equifax and Experian forward Plaintiff's dispute to Transworld.

27. However, none of the Defendants conducted an adequate investigation into Plaintiff's dispute. If they had, Defendants would have learned that rental car claim was paid in full in 2019.

28. Instead, Defendants continued to report inaccurate derogatory information about Plaintiff.

29. In their investigation results, Experian and Equifax both stated "the information [Plaintiff] disputed has been verified as accurate."

5

30. On or around March 20, 2021, Plaintiff sent followed-up disputes to Experian and Equifax. Plaintiff again disputed the reporting of the Transworld account and enclosed the Enterprise letter confirming that the claim was paid in full.

31. Once again, the Defendants failed to correct their inaccurate reporting. Equifax and Experian "verified" the account in the investigation results they sent to Plaintiff.

32. As a result of Defendants' conduct, Plaintiff has suffered significant actual damages, including being unable to purchase a vehicle at a competitive rate and instead having to pay out pocket to ride share services for transportation during the COVID-19 pandemic.

*Transworld's Willful Violations*

33. At all times pertinent to this Complaint, Transworld's processing of consumer disputes was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, Transworld's conduct was willful because it was intentionally accomplished through intended procedures and because Transworld believes that its efficiency in processing disputes is more important than making sure that the disputes are investigated thoroughly and accurately.

34. Upon information and belief, Transworld violated the FDCPA when it failed to verify the debt was valid and belonged to Plaintiff prior to reporting false information to Equifax and Experian. Transworld further violated the FDCPA when it made false representations that Plaintiff owed a debt to Elco Admin Services when she did not.

35. Despite numerous lawsuits filed against Transworld for violations of the FCRA and FDCPA, it continues with the same debt collection and credit reporting tactics. See *Braun v. Equifax Information Services, LLC*, Case No. 1:20-cv-10274 (S.D.N.Y.); *Garcia v. Equifax Information Services, LLC*, Case No. 4:20-cv-3977 (S.D. Tex.); *Johnson v. Trans Union LLC*,

6

Case No. 2:20-cv-2185 (E.D. Cal.); *Dudley v Trans Union, LLC*, Case No. 2:20-cv-5006 (E.D. Pa.); *Galety v. Trans Union, LLC*, Case No. 2:20-cv-997 (M.D. Fla.); *Khaimov v. TransUnion, LLC*, Case No. 1:20-cv-585 (E.D.N.Y.).

*Equifax's and Experian's Willful Violations*

36. Upon information and belief and consistent with their standard policies and procedures, Experian and Equifax automatically generated their "investigation" results once Transworld provided its response to Plaintiff's disputes, verifying the Transworld account, and Equifax and Experian did not take any additional actions to verify the accuracy of the information that Transworld provided.

37. Instead, Experian and Equifax blindly accepted Transworld's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

38. Experian and Equifax continue the practice of parroting the response from the furnisher despite various lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation as required by the FCRA. Numerous lawsuits have been brought in this District. *See Price v. Equifax Info. Servs., LLC*, No. 1:20-cv-1530 (E.D. Va.); *Thompson v. Equifax Info. Servs., LLC*, Case No. 1:21-cv-28 (E.D. Va.); *Vangorder v. Equifax Info. Servs., LLC*, Case No. 1:20-cv-539 (E.D. Va.); *Yancey v. Equifax Info. Servs., LLC*, Case No. 3:18-cv-739 (E.D. Va.); *Alfaro v Experian Info. Sols., Inc.*, Case No. 1:15-cv-23 (E.D. Va.); *Barclay v Trans Union, LLC*, Case No. 1:14-cv-1200 (E.D. Va.); *Romero v. Equifax Info. Servs., LLC*, Case No. 1:17-cv-1092 (E.D. Va.); *Dyson v. Equifax Info. Servs., LLC*, Case No. 1:19-cv-1292 (E.D. Va.).

39. Instead of conducting an independent investigation in response to consumer disputes, Experian and Equifax merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d

Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

40. Despite these lawsuits and court decisions, Experian and Equifax have not significantly modified their procedures to assure that the credit reports that they prepare, publish, and maintain are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

41. Upon information and belief, Experian and Equifax have not, and do not intend, to modify their procedures to comply with this section of the FCRA because compliance would drastically increase their operating expenses.

42. Accordingly, Experian's and Equifax's violation of the FCRA was willful and they are liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. Therefore, at all times relevant to this Complaint, Experian's and Equifax's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, because Equifax and Experian failed implement any procedure to identify and correct these common errors prior to furnishing reports.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(DEFENDANTS EQUIFAX AND EXPERIAN)**

44. Plaintiff incorporates by reference each of the allegations set forth in the preceding

paragraphs.

45. Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

46. Because of Equifax and Experian's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

47. Equifax and Experian's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**
**(DEFENDANT EXPERIAN AND EQUIFAX)**

48. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

49. Experian and Equifax violated multiple sections of § 1681i including, but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Transworld with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate item from Plaintiff's credit file upon a lawful reinvestigation of § 1681i(a)(5)(A).

50. Because of Experian's and Equifax's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

51. Experian's and Equifax's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax and Experian were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT THREE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**
**(DEFENDANT TRANSWORLD)**

52. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

53. On one or more occasion within the past two years, by example only and without limitation, Transworld violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

54. When Plaintiff disputed the account with Experian and Equifax, Transworld used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as Transworld. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

55. When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

56. Upon information and belief, the ACDV form is the method by which Transworld has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

57. Upon information and belief, Plaintiff alleges that Experian and Equifax forwarded Plaintiff's dispute via an ACDV to Transworld.

10

58. Transworld understood the nature of Plaintiff's disputes when it received the ACDV form.

59. Upon information and belief, when Transworld received the ACDV form containing Plaintiff's disputes, Transworld followed a standard and systemically unlawful process where it only reviewed its own internal computer screen for the account and repeated back the same information to the ACDV system that was previously reported to the credit reporting agency.

60. Upon information and belief, when Transworld receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether the information already in its computer system is itself accurate.

61. Because of Transworld's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

62. Transworld's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Transworld was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Transworld in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FOUR:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(DEFENDANT TRANSWORLD)**

64. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

65. On one or more occasions within the past two years, by example only and without limitation, Transworld violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

66. As Plaintiff detailed in the previous Count, Transworld has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

67. Transworld was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

68. Transworld does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

69. Transworld understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

70. Because of Transworld's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

71. Transworld's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Transworld was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FIVE:**
**VIOLATION OF FDCPA, 15 U.S.C. § 1692e**
**(DEFENDANT TRANSWORLD)**

73. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

74. Defendant Transworld violated § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt including, but not limited to, attempting to collect a debt from the Plaintiff that she did not owe.

75. Plaintiff suffered actual damages as a result of Transworld's violation of § 1692e, including embarrassment, humiliation, and other emotional distress.

76. Plaintiff is entitled to recover actual damages, statutory damages, her reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; her attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                                              Respectfully Submitted,
                                              **FRANCESCA A. LICARI**

                                          By: __/s/ Kristi C. Kelly_____
                                                      Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

*Counsel for Plaintiff*